LAWHORN et al., Appellants,

v.

JOSEPH TOYOTA, INC., Appellee.

[Cite as *Lawhorn v. Joseph Toyota, Inc.* (2001), 141 Ohio App.3d 153.]

Court of Appeals of Ohio,
Second District, Montgomery County.

Nos. 18282 and 18306.

Decided Jan. 19, 2001.

*Randall S. Knight,* for appellants.

*Jay R. Langenbahn,* for appellee.

FAIN, Judge.

Plaintiffs-appellants appeal from a summary judgment rendered against them on their claims against defendant-appellee, Joseph Toyota, Inc. They contend that the trial court erred by granting the summary judgment motion filed by Joseph

Toyota. We agree. Accordingly, the judgment of the trial court is reversed, and this cause is remanded for further proceedings.

## I

This case was originally filed in the trial court as three separate class action complaints against Joseph Toyota. The named plaintiffs were Randall A. Lawhorn, Martha Thomas, and Kathleen G. Newton. Each named plaintiff claimed to represent at least five thousand similarly situated individuals. The allegations contained in the three complaints were essentially identical; all of the plaintiffs claimed that Joseph Toyota had violated the Magnuson–Moss Warranty Act, Section 2301, Title 15, U.S.Code *et seq.* ("MMWA") and the Ohio Consumer Sales Practices Act, R.C. 1345 *et seq.* ("OCSPA") in regard to sales of used motor vehicles. A class was certified in all three cases, and the cases were consolidated by the trial court. Upon motion, the trial court rendered summary judgment in favor of Joseph Toyota. It is from this decision that Lawhorn appeals.[1]

## II

The sole assignment of error is as follows:

"The trial court erred in granting summary judgment in favor of appellee on appellants' claims against appellee for violations of the federal Magnuson–Moss Warranty Act, 15 U.S.C. 2308(a), 16 CFR Part 700 ('MMWA'); and, *ipso facto*, the Ohio Consumer Sales Practices Act, R.C. 1345.02(A) and R.C. 1345.03(A)."

Plaintiffs contend that the trial court erred by granting summary judgment in favor of Joseph Toyota. In support, they argue that the undisputed evidence compels a finding that Joseph Toyota violated the MMWA, and thus violated the OCSPA.[2]

▆▆▆▆ The Magnuson–Moss Warranty Act is codified at Section 2301 *et seq.*, Title 15, U.S.Code, *et seq.* The overall purpose of the MMWA is to require warrantors to fully disclose the terms and conditions of their written warranties relating to certain consumer goods, including used motor vehicles, so that consumers can make informed choices regarding the purchase of such goods. The Act does not require that a warranty be provided; it merely requires that if a warranty is extended, it must comply with its terms MMWA. Therefore, it sets forth certain minimum standards for warranties. The Act provides that "any warrantor warranting a consumer product to a consumer by means of a written

---

1. This court consolidated the cases for purposes of appeal.

2. The parties agree that any violation of the MMWA is inherently a violation of the OCSPA.

warranty shall * * * fully and conspicuously disclose in simple and readily understood language the terms and conditions of such warranty". Section 2302(a), Title 15, U.S.Code. Therefore, a warranty must set forth its terms "* * * in words or phrases which would not mislead a reasonable, average consumer as to the nature or scope of the warranty." Section 2302(a)(13), Title 15, U.S.Code. The Federal Trade Commission ("FTC") is required to promulgate rules for the implementation of the Act. Sections 2302 and 2312(c), Title 15, U.S.Code.

Of relevance to this case, Section 2308 of MMWA contains the following provision:

"Implied warranties—(a) Restrictions on disclaimers or modifications. No supplier may disclaim or modify (except as provided in subsection (b)) any implied warranty to a consumer with respect to such consumer product if (1) such supplier makes any written warranty to the consumer with respect to such consumer product, or (2) at the time of sale, or within 90 days thereafter, such supplier enters into a service contract with the consumer which applies to such consumer product.

"(b) Limitation on duration. For purposes of this title * * * implied warranties may be limited in duration to the duration of a written warranty of reasonable duration, if such limitation is conscionable and is set forth in clear and unmistakable language and prominently displayed on the face of the warranty.

"(c) Effectiveness of disclaimers, modifications, or limitations. A disclaimer, modification, or limitation made in violation of this section shall be ineffective for purposes of this title * * *."[3]

At various times in 1999, Lawhorn, Thomas, and Newton each purchased used motor vehicles with limited warranties and separate service contracts, from Joseph Toyota.[4] The front of the contracts of sale for each vehicle contained the following disclaimers:

"Any used motor vehicle purchased hereunder is purchased as is, and the dealer makes no warranty, express or implied, including any warranty of merchantability or fitness for a particular purpose except that warranty printed on the reverse side of this order and more particularly under additional terms and conditions limited warranties, paragraph 1."

---

**3.** MMWA provides that "implied warranties," for purposes of the Act, are those implied warranties arising under state law. In Ohio, implied warranties of merchantability and fitness for a particular purpose are imputed in the sale of consumer goods. R.C. 1302.27 through 1302.29.

**4.** For purposes of clarity, the plaintiff classes will hereinafter be referred to, collectively, as Lawhorn.

The limited warranties, which were set forth on the back side of each sales contract, read:

"Joseph Toyota, Inc. extends no warranty, expressed or implied, including any warranty of merchantability or fitness for a particular purpose except for the following used car limited warranty. Joseph Toyota, Inc. * * * extends a limited warranty to the person who is named as purchaser for the used automobile described in the purchase contract. The limited warranty is for the first one thousand (1000) miles of operation subsequent to delivery to the purchaser or the first thirty (30) days * * * whichever event occurs first extinguishes the limited warranty."

Joseph Toyota does not deny that the sales contract contains these disclaimers, but refers us to the following language found on the back of the sales contract:

"Contractual Disclosure Statement For Used Vehicle Only. The information you see on the (Federal Trade Commission) window form is part of this agreement. Information on the window form overrides any contrary provisions in the contract of sale."[5]

The window form in this case contained the following language:

"LIMITED WARRANTY. The dealer will pay 50% of the labor and 25% of the parts for the covered systems that fail during the warranty period. Ask the dealer for a copy of the warranty document for a full explanation of warranty coverage, exclusions, and the dealer's repair obligations. Under state law, 'implied warranties' may give you even more rights."

On the reverse side of the FTC window form the following language is expressly stated: "IMPORTANT: The information on this form is part of any contract to buy this vehicle."

Joseph Toyota argues that when the language on the contract regarding the limited warranties is read in conjunction with the language on the window form, the entire contract must be construed as not disclaiming any warranties. The trial court, likewise, found that "the sales contract must be read in concert with the window form," and that it is clear that "by the words of the writings alone no warranties implied by law were disclaimed."

Our review of the appropriateness of summary judgment is *de novo*. *Koos v. Cent. Ohio Cellular, Inc.* (1994), 94 Ohio App.3d 579, 588, 641 N.E.2d 265, 271–272. The standard of review in summary judgment cases is well established. "Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no

---

5.  Pursuant to Section 455.2, Title 16, C.F.R., any dealer offering a used vehicle for sale must display a window form, also known as a Buyers Guide, on the window of the vehicle being sold.

genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor." *Zivich v. Mentor Soccer Club, Inc.* (1998), 82 Ohio St.3d 367, 369–370, 696 N.E.2d 201, 204.

We are presented with a narrow issue in this matter. Specifically, we are asked to determine whether the trial court erred by finding that the language of the FTC window form is sufficient to overcome the disclaimer contained in the sales contract. Put another way, we must decide whether, upon reading the contract in conjunction with the FTC window form, a "reasonable, average consumer" would be misled as to the "nature or scope of the warranty" provided by Joseph Toyota.

We first note that the trial court erred to the extent that it appears to have decided this case solely on a contract analysis. We conclude that this case also necessarily involves a determination whether Joseph Toyota committed an unfair or deceptive act or practice with regard to the sale of its used vehicles.

It is clear, and undisputed, that the language in the sales contract expressly states the terms of the limited warranty provided to Lawhorn. It is equally clear that the language of the contract disclaimed all other warranties, including the implied warranties of merchantability and fitness for a particular purpose arising by operation of Ohio law. Obviously, the sales contract, on its face, violates the MMWA. Thus, we must next determine what effect, if any, the FTC window form has on the contract.

We acknowledge that the FTC window form purports to override any contrary provisions contained in the sales contract. However, we find that the general language of the FTC window form indicating that state law may provide more rights is insufficient to override the specific disclaimer set forth in the sales contract. The contract specifically disclaims the implied warranties of merchantability and fitness for a particular purpose, while the FTC form merely refers to unnamed "implied warranties" arising under state law. There is nothing contained within these documents that would inform an average, reasonable consumer that the FTC form trumps the contract's clear, express disclaimer of the implied warranties, because there is no clear indication that these provisions conflict.[6]

---

6. Likewise, even when determining the matter under a contract analysis, we find that the specific disclaimer overrides the general language of the window form. See *Gibbons–Grable Co. v. Gilbane Bldg. Co.* (1986), 34 Ohio App.3d 170, 175, 517 N.E.2d 559, 563–564 (It is well established in Ohio that where two clauses of a contract appear to be inconsistent, the specific clause prevails over the general.).

Furthermore, we conclude that the mere act of supplying a standard FTC window form cannot relieve a dealer of its duty to comply with the terms of the MMWA. There is no indication that either Congress or the FTC intended to permit a dealer to clearly violate the MMWA with specific language in a one contract document while hiding behind the claimed curative effect of a general, vague statement in another form document to the effect that the consumer "may" have additional remedies under state law.

As previously noted, Joseph Toyota is correct in its assertion that, pursuant to Section 455.3(b), Title 16, C.F.R., the terms of the FTC window form are incorporated into the sales contract, and the information on the form overrides any contrary provisions in the contract. However, the same rule requires that this fact must be conspicuously displayed on the contract of sale. In this case, the required language is merely included in the fine print "boilerplate" portion of the contract. By no stretch of the imagination can it be considered conspicuous. Furthermore, although Section 455.4, Title 16, C.F.R. provides that dealers cannot make any statements, oral or written, that alter or contradict this disclosure, Joseph Toyota's sales contract provides that its sales contract (and any accompanying loan disclosure form) "shall constitute the entire agreement" between the dealer and the purchaser. This statement contradicts the disclosure form required by Section 455.3(b), cited above.

We conclude that the trial court erred by rendering summary judgment in favor of Joseph Toyota. Accordingly, Lawhorn's sole assignment of error is sustained.

## III

Lawhorn's sole assignment of error having been sustained, the judgment of the trial court is reversed, and this cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

GRADY, P.J., and FREDERICK N. YOUNG, J., concur.